### Leon Ogent, Appellee, v. St. Clair Guaranty & Title Company, Appellant.

Opinion filed January 23, 1933. Rehearing denied February 25, 1933.

KRAMER, CAMPBELL, COSTELLO & WIECHERT, for appellant.

BEASLEY & ZULLEY, for appellee.

MR. PRESIDING JUSTICE BARRY delivered the opinion of the court.

Appellee agreed to purchase certain real estate for which he was to pay $873 in cash and to assign a note and mortgage for $627. He then saw his attorney and asked him to take the consideration and close the deal for him. The attorney took appellee to appellant's office and told Mr. Schrader, the manager, that he had no time to prepare papers, and that he wanted him to help appellee to close the deal; that he asked Schrader to take the consideration, close the deal and get a free and clear title for appellee and that Schrader said he would do so; that appellee then gave Schrader the consideration. The attorney says he told Schrader that if there were any charges appellee would pay them. Mr. Schrader procured a warranty deed, filed it for record and turned over the consideration. Appellant brought the abstract down to date, March 11, 1931, and delivered the same to appellee. He took the abstract to his attorney, who looked at it and told him he had a free and clear title.

The abstract did show a free and clear title of record. On March 31, 1931, the Bell Lumber & Supply

Service, Inc., filed its bill to foreclose a mechanic's lien against the premises in question, which resulted in a decree of foreclosure for $977.10. The premises were sold under that decree for $1,166.58. Appellee then sued appellant and recovered a judgment for $1,550.

Appellee knew there was a new house on the lot before he agreed to purchase it and there is no evidence that he or his attorney told Mr. Schrader of that fact, nor is there any evidence that he was expressly informed that he was expected to investigate and determine whether there was any lien that did not appear upon the records. If the attorney thought that Mr. Schrader had agreed to make such an investigation it is strange that he would tell appellee, after examining the abstract, that he had a free and clear title when the certificate to the abstract made no reference to liens not appearing of record. He evidently thought, at that time, that appellant was only employed to examine the records and prepare a summary of what appeared thereon. The duty of an abstracter, as such, is to examine the records and prepare an abstract thereof. In the absence of an agreement to investigate and determine whether there was a lien not shown upon the records he cannot be held liable for a failure to do so. The evidence is wholly insufficient to show that Mr. Schrader agreed to make such an investigation.

But even if he had, he would not be acting within the scope, or apparent scope, of his authority in making such an agreement. He was not shown to have any authority other than such as attaches to the office of secretary and manager. Appellee and his attorney were charged with a knowledge of the law that legal services or legal advice would be required to perform such a contract and that such services or advice could not be furnished by appellant, a corporation, without subjecting itself to a fine or punishment for contempt

of court. Cahill's Ill. St. ch. 32, ¶ 224; *People v. People's Stock Yards State Bank,* 344 Ill. 462, 474. We know of no rule of law that would warrant us in holding appellant liable and the judgment is reversed.

*Reversed.*

The clerk will insert in the judgment the following: ''The Court finds that appellant did not agree that it would investigate and determine whether there was a lien against the premises in question that did not appear upon the records.''